UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELANIE STIPANOVICH VALDEZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | NO. CV-11-3065-RHW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 19, and Defendant's Motion for Summary Judgment, ECF No. 21. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant[1] is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney M. Thayne Warner.

**I.     Jurisdiction**

On December 3, 2007, Plaintiff protectively filed a Title II application for disability insurance benefits (DIB) and a Title XVI application for supplemental

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

security income (SSI). Plaintiff alleged she had been disabled beginning January 1, 2007. At the hearing, Plaintiff amended her alleged disability onset to July 1, 2007.

Her application was denied initially and again denied on reconsideration. A timely request for a hearing was made. On September 2, 2009, Plaintiff appeared at a hearing in Yakima, Washington before Administrative Law Judge (ALJ) Douglas S. Stults. Plaintiff was represented by Chad Hatfield. Polly Peterson, a vocational expert, also participated.

The ALJ issued a decision on January 13, 2010, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which granted her request for review. Upon review, the Appeals Council adopted the ALJ's findings and conclusions that Plaintiff was not disabled. The Appeals Council's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 422.10.

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on June 6, 2011. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.   Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

for determining whether a person is disabled.  20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past?  20 C.F.R. § 404.1520(e).  If the claimant is able to perform her previous work, she is not disabled.  *Id.*  If the claimant cannot perform this work, proceed to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 404.1520(f).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### IV. Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

decision and will only be summarized here.

At the time of the hearing, Plaintiff was 38 years old. She has three minor children living with her, ages 12, 10, and 6. Plaintiff completed the 11th grade, and attended one semester at the community college. She testified she does not do any yard work or gardening, does not take out the trash, but does laundry and occasionally cooks. She drives only when she has to. She reported that sometimes she has panic attacks when she is driving and she has to pull over to the side of the road. Her hobbies include swimming. She reports having difficulty being in the public.

Plaintiff has worked in the past as a retail sales clerk and a fast food worker.

She has a history of depression, anxiety, ADHD, panic attacks, bipolar disorder, and asthma. In 2009, her foot was operated on to correct a hammer toe. She does not have any computer skills, does not use the internet or email, and does not own a cell phone.

## V. The ALJ's findings

The ALJ noted that Plaintiff last met the insured status requirements of the Social Security Act through December 31, 2011. (Tr. 23.)

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 1, 2007, the amended alleged onset date. (Tr.23.)

At step two, the ALJ found Plaintiff has the following severe physical and mental impairments: asthma, bipolar II disorder, posttraumatic stress disorder (PTSD), cannabis dependence, and borderline personality disorder (Tr. 24.)

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 26.) He considered impairments listed under Listing 3.00 (Respiratory System) and Listing 3.03 (*Asthma*). (Tr. 26.) With respect to Plaintiff's mental impairments, he considered 12.04, 12.08, 12.09. (Tr. 26.) He concluded that because Plaintiff's mental

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

impairments do not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, the paragraph B criteria was not satisfied, and the evidence failed to establish the presence of "paragraph C" criteria. (Tr. 26.)

The ALJ determined Plaintiff had the residual functional capacity to perform less than the full range of light work as defined in 20 C.F.R. § 404.1567(b);[2] except she was limited to no more than occasional exposure to pulmonary irritants, such as smoke, fumes, dusts, gases, and poor ventilation; understand, remember, and carry out simple repetitive tasks, make only simple work related decisions; deal with only rare changes in work processes or environment; have no contact with general public; and have only incidental work-related contact with co-workers (not working in close proximity to or in conjunction with co-workers). (Tr. 27.)

At step four, the ALJ concluded Plaintiff was unable to perform past relevant work. (Tr. 31.)

At step five, the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity and concluded there are jobs that exist in

---

[2](b) Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

significant numbers in the national economy that Plaintiff can perform. (Tr. 32.) Specifically, the ALJ found Plaintiff could work as a cannery worker, peeled potato inspector, and silver wrapper.[3] (Tr. 33.) The ALJ found Plaintiff not disabled because she is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (Tr. 33.)

**VI.    The Appeals Council's Decision**

The Appeals Council reviewed the ALJ's decision that Plaintiff was not disabled. It adopted the ALJ's statements regarding the pertinent provisions of the Social Security Act, the SSA's regulations and rulings, the issues in the case, and the evidentiary facts. (Tr. 4.) It adopted the ALJ's findings and conclusions regarding whether Plaintiff is disabled: findings at step one, two, and three of the sequential evaluation, and findings that Plaintiff had mild restriction in activities of daily living, moderate difficulty maintaining social functioning, moderate difficulty maintaining concentration, persistence or pace, and had experienced no episodes of decompensation. (Tr. 4.) It also adopted the ALJ's credibility findings. The Council adopted the ALJ's residual functional capacity findings. (Tr. 5.)

The Appeals Council noted the ALJ erred in rejecting the opinion of Kathleen A. Mack, ARNP, because the Exhibit in question was also signed by Dr. Philip Rodenberger, who is an acceptable medical source. (Tr. 5.) The Appeals Council then rejected Dr. Rodenberger's assessment that Plaintiff is moderately limited in her ability to accept instructions and respond appropriately to criticism from supervisors because it believed this opinion was not supported by the longitudinal record and was contradicted by Dr. Warren's conclusion that Plaintiff

---

[3]The vocational expert testified that a silver wrapper works in hotels and basically takes silverware and wraps it in napkins and places it on the table. (Tr. 56.)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

was able to relate appropriately to supervisors, and Dr. Montoya's opinion[4] that Plaintiff had only mild difficulty in maintaining social functioning and is able to understand, remember, and carry out short and simple instructions under ordinary supervision. (Tr. 5.)

The Appeals Council found the vocational expert's testimony to be persuasive and that the jobs cited by the vocational expert existed in significant number in the national economy. (Tr. 5.)

## VII. Issues for Review

Plaintiff presents the following issues for review:

1. The ALJ's rejection of Plaintiff's treating and examining medical providers' opinions; and

2. The ALJ's step five identification of specific jobs available in significant numbers.

## VIII. Discussion

### A. The ALJ's Rejection of Plaintiff's Treating and Examining Medical Providers' Opinions

Plaintiff argues the ALJ and the Appeals Council erred in rejecting Dr. Rodenberger's opinion; erred in rejecting Dr. Keane's opinion; and erred in rejecting the opinions of Therapists Mack and Rapisarda.

"When there is conflicting medical evidence, the Secretary must determine

---

[4] The ALJ rejected Dr. Montoya's "Not severe" conclusions, and gave less weight to her opinion because it did not adequately consider Plaintiff's subjective complaints, or the combined effect of Plaintiff's impairments and medical evidence received at the hearing that revealed Plaintiff was more limited than previously evaluated. (Tr. 31.) The Court notes that Dr. Montoya's opinion was dated February 2, 2008, one week later than Dr. Warren's opinion.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

credibility and resolve the conflict." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). More weight is given to a treating physician's opinion than to the opinion of a non-treating physician because a treating physician is employed to cure and has greater opportunity to know and observe the patient as an individual. 20 C.F.R. § 416.927(d)(1); *see also Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995). Likewise, greater weight is given to the opinion of an examining physician than a non-examining physician. *Andrews*, 53 F.3d at 1041. Opinions of physicians who examined the claimant only once should be given less weight than the physicians who treated her. 20 C.F.R. § 404.1527; *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004).

In his order, the ALJ summarily considered, but rejected the opinions of PA-C Carmen Magistro (Ex. 1F) (Tr. 201-213.); the Mental RFC Assessment from K. Mack, ARNP (Ex. 12F) (Tr. 340-342.)[5], and the Mental RFC

---

[5]Ms. Mack noted that Plaintiff was *moderately* limited in her ability to: remember locations and work-like procedures, understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended period, sustain an ordinary routine without special supervision, make simple work-related decisions, and complete a normal work-day and work-week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, be aware of normal hazards and take appropriate precautions, and set realistic goals or make plans independently of others. (Tr. 340-341.) Dr. Rodenberger signed the evaluation. (Tr. 342.)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

Assessment from Therapist Diane Repishana (Ex. 16F) (Tr. 421-424).[6] (Tr. 31.) He also summarily rejected the ARNP and MSW opinions contained in Exhibit 17F and 19F because they are not acceptable medical sources, and because they were not consistent with Dr. Keane's opinion, who is an acceptable medical source. (Tr. 31.)[7] Notably, the ALJ failed to identify the weight given to Dr.

---

[6]Ms. Repishana noted that Plaintiff is *markedly* limited in the following: ability to understand and remember detailed instructions; ability to maintain attention and concentration, ability to complete a normal work-day and work-week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, ability to interact appropriately with the general public; and travel in unfamiliar places or use public transportation. (Tr. 422-423.) She noted that Plaintiff was *moderately* limited in her ability to: remember locations and work-like procedures; understand and remember very short and simple instructions; carry out detailed instructions; work in coordination with or proximity to others without being distracted by them, and make simple work-related decisions, accept instructions and respond appropriately to criticism from supervisors, maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness, respond appropriately to changes in the work setting, and set realistic goals or make plans independently of others. (Tr. 422-423.) She commented that Plaintiff has significant problems with self-esteem and has severe PTSD that significantly interferes with her functioning, including frequent intrusive thoughts, significant distrust of others, as well as suffering from anxiety and depression.

[7]The Court reviewed the administrative record and believes the ALJ was referring to the following opinions:

   a. the Psychiatric Evaluation from Kathleen Mack (Tr. 425-427);

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

Keane's opinion.

The ALJ erred in rejecting the opinions of Therapists Mack and Parisarda, and Gabriela Mondragon, M.S.W., who are considered "other sources" by the regulations. Instead of rejecting these opinions, the ALJ may only discount testimony from these "other sources" if the ALJ "gives reasons germane to each witness for doing so." *Moline v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ committed legal error by failing to give germane reasons for summarily rejecting these "other sources."

Also, the ALJ's conclusions that the therapist's opinions were contrary to Dr. Keane's opinions is not supported by the substantial evidence. Dr. Keane was Plaintiff's treatment provider in Nebraska. It appears he treated Plaintiff from August, 2007 to sometime in 2008. In August, 2007, therapist William Holtmeyer, MS, NCC, LPC, evaluated and diagnosed Plaintiff with "Adjustment Disorder with mixed disturbance of emotions and noted her primary problem was anxiety and depressive features. (Tr. 359.) He rated her stress severity at moderate, and determined her current functioning level at 65, but noted her last year function at 75. (Tr. 369.) He identified the following behavioral definitions: excessive worry, anxiety, mood swings, depressed, sadness, obsessive thinking, compulsive behavior, restlessness, unable to concentrate and problems staying focused,

---

   b. the 10/20/2008 Assessment completed by Gabriela Mondragon (Tr. 428-435, 481);

   c. the Treatment Plan coordinated by Nina Rapisarda, M.S.W. (Tr. 436-438, Tr. 495-96);

   d. treatment records from Kathleen Mack, ARNP (Tr. 443-444, 447-449. 453-455, 458-460, 466-468, 472-473.); and

   e. treatment notes by Nina Rapisarda, M.S.W. (Tr. 445-446, 450-51, 457, 464-465, 469-471, 474-475, 477, 480).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

forgetfulness, and trouble with sleep. Dr. Keane, O.D. signed off on the evaluation. (Tr. 360.)

In November 26, 2007, Dr. Keane evaluated Plaintiff regarding her mood swings. He noted that her degree of functional impairment is such that she was having severe difficulties in keeping employment and having severe mood swings, difficulty concentrating, as well as difficulties in her relationship with her oldest child, and having financial constraints. (Tr. 296.) She reported a history of taking a variety of psychiatric medications, including sertraline, clonazepam, mirtazapine, Prozac, Wellbutrin, Lexapro, Effexor, Seroquel, and Xanax. He diagnosed her with bipolar disorder, NOS, anxiety disorder, NOS, PTSD, history of polysubstance dependence in reported remission (Tr. 299.)

Dr. Keane set out five goals: 1. Stabilize mood swings; 2. Decrease anxiety; 3. Discontinue the ineffective medications; 4. Resolve Plaintiff's past history of trauma; and 5. Maintain a clean and sober lifestyle; and he set the following discharge criteria: 1. Able to stay on task to successful completion; 2. Consistent abstinence from mood-altering illicit drugs and alcohol; 3. Demonstrates responsible and consistent medication-taking behavior; 4. Depression and anxiety are adequately controlled to function well in daily living; 5. No violent outbursts of temper; 6. Delusions controlled so as not to interfere with daily living; and 7. Verbalize plans for seeking continued emotional support after discharge (Tr. 300.)

On April 4, 2008, Dr. Keane completed a Physicians Confidential Report. He noted her present illness was mood instability, anxiety and marijuana dependence. (Tr. 281.) He described the following physical/mental conditions that would restrict work or training activities: chronic problems with tolerating and regulating emotional distress (anger, frustration, anxiety, stress), as well as difficulty interacting with others when under stress. (Tr. 282.)

Plaintiff then moved to Yakima, Washington and began treatment for her depression, mood swings, irritability, and anxiety with ARNP Mack and Nina

Rapisarda, Therapist. The records reflect that Plaintiff and her providers were trying various medications to address her impairments, as well as implementing strategies to reduce her anxiety, anger, and depression. Her therapists consistently reported that she appeared anxious, tearful, and irritable during the sessions. Notably, by 2009, Plaintiff was involved in AA and was abstaining from marijuana use. Also, at the hearing, Plaintiff testified she had been clean and sober for nine months. (Tr. 46.) Even so, the records reflect Plaintiff continued to have significant impairments that affected her ability to work.

The ALJ rejection of the opinions of Plaintiff's therapists is not supported by substantial evidence because, as demonstrated above, they are not inconsistent with Dr. Keane's opinion. Rather, the record is clear that Plaintiff has severe anxiety, irritability, depression and mood swings that drastically affect her ability to work.

Moreover, Dr. Jane Warren's opinion is contrary to Dr. Keane's opinions and is contrary to the longitudinal treatment records. Dr. Warren only examined Plaintiff one time. She completed the consultative examination on January 24, 2008. She concluded Plaintiff had the ability to sustain concentration and attention needed for task completion, understand and remember short and simple instructions, carry out short and simple instructions under ordinary supervision, relate appropriately to co-workers and supervisors, and adapt to change in her environment (Tr. 251.) It does not appear Dr. Warren conducted any psychological tests. She also believed Plaintiff had found a good combination of medications to control her symptoms.[8] Substantial evidence does not support the ALJ's decision

---

[8]Subsequent medical records reveal Plaintiff's struggles to find a good combination of medications to control her symptoms. *Compare* Tr. 427 ( ARNP Mack's medication plan on November 17, 2008 included stopping Seroquel, Cymbalta, and Lithium; starting citalopram and straterra, and continuing

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**

1  to give Dr. Warren's greater weight than Dr. Keane, a treating physician, or Dr.
2  Rodenberger, nor is Dr. Warren's opinion supported by the medical evidence.
3  Notably, when Dr. Warren completed her evaluation, she did not have the benefit
4  of the medical records from Plaintiff's Yakima providers, *i.e.* ARNP Mack and
5  Nina Rapisarda.[9]

6      Also, the Appeals Council erred in rejecting Dr. Rodenberger and ARNP
7  Mack's opinion, concluding it was not supported by the longitudinal record and it
8  conflicted with Dr. Jane Warren's opinion that Plaintiff was able to appropriately
9  relate to supervisors. (Tr. 66-67). Simply noting that an opinion is contrary to
10  another opinion does not meet the standard for rejecting an opinion. *See Lester v.*
11  *Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (explaining that the existence of a
12  contrary opinion lowers the standard for rejecting an opinion from requiring "clear
13  and convincing" reasons to requiring "specific and legitimate reasons."). Likewise,
14  the Appeals Council erred in not providing specific, legitimate reasons for
15  rejecting the treating doctor's opinion in favor of an examining doctor's contrary
16  opinion. Additionally, contrary to the Appeals Council's determination, Dr.
17  Rodenberger's and ARNP Mack's opinion is supported by the longitudinal record,
18  not contrary to it.

19      The ALJ concluded that Plaintiff was not motivated to work full time, based
20  on one statement made to Dr. Warren in 2008, and this appears to have influenced

---

22  clonazepam) with Tr. 442-43 (ARNP Mack's June 30, 2009 treatment plan
23  including stopping citalopram, trazodone; starting paroxetine and hydroxyzine,
24  and continuing clonazepam and lithium.).

25  [9]As set forth above, the ALJ rejected the 2008 state agency psychological
26  consultants' mental assessments due in part because the combined effect of
27  Plaintiff's impairments and medical evidence received at the hearing level
28  revealed that Plaintiff was more limited than previously evaluated. (Tr. 31.)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14**

the ALJ's decision. He questioned her belief that she is unable to work because she can drive her car, go to the pharmacy, swim twice a week, goes to the movies, has friends, can do household cleaning, can balance the checkbook, and pay her bills on time. (Tr. 28.) In that same report, however, Plaintiff indicated that she has anxiety, panic attacks and little patience with friends and family. (Tr. 161.) More important, beginning in 2009, Plaintiff repeatedly told her treatment providers that she wanted to get better and began attending AA.

The ALJ erred in failing to account for her mental impairments in assessing her ability to work. In that same report, Plaintiff indicated that she could not sit still long enough to watch a full television program. (Tr. 162.) She reported being overwhelmed around people. (Tr. 162.) The ALJ credited Plaintiff when she described her daily activities, but ignored her statements regarding her limitations, even then these statements were consistent with the treatment notes from 2008 to 2009. (Tr. 28.)

The ALJ committed legal error in not providing germane reasons for rejecting Plaintiff's treatment providers' opinions, both acceptable and other source opinions. The ALJ chose to credit the opinion of Dr. Warren, yet her opinion was contrary to the longitudinal medical records.[10] This was also error. Consequently, the ALJ's RFC determination is not supported by substantial evidence because it does not accurately reflect Plaintiff's limitations caused by her depression, anxiety, irritability, PTSD, mood swings, and her inability to accept instructions and respond appropriately to criticism from supervisors.

If the ALJ properly considered her treatment providers' opinions, the residual functional capacity would have incorporated her mental impairments.

---

[10] In addition to the medical records contained in the Administrative Record, Plaintiff reported she has been in treatment for her depression and anxiety since the age of 18.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15**

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (holding that when an ALJ fails to provide adequate reasons for rejecting a treating or examining doctor's opinion, that opinion is credited as a matter of law). At the hearing, Plaintiff's counsel proffered two hypotheticals to the vocational expert that were consistent with Dr. Keane's, Rodenberger's and the ARNP's opinions:

> 1. Assume Plaintiff age, education, past relevant work experience, with moderate limitation, meaning significant interference with basic work related activities, unable to perform the following mental activity for at least 20 percent of work day up to 33 percent of work day, including the ability to understand and remember very short and simple instructions, ability to understand and remember detailed instructions, ability to carry out detailed instructions, ability to maintain attention and concentration for extended periods, ability to sustain an ordinary routine without special supervision, ability to make simple work-related decisions, the ability to complete a normal work day and work week without interruption from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest period, ability to interact appropriately with the general public, the ability to accept instructions and respond appropriately to criticism from supervisors, the ability to be aware of normal hazards and take appropriate precautions, and the ability to set realistic goals or make plans independently of others.[11]

(Tr. 57.)

> 2. Assume Plaintiff's age, education, past relevant work experience, with significant interference with basic work related activities, that is, unable to perform mental activity for more than 33 percent of the work day, markedly limited in ability to understand and remember detailed instructions, ability to maintain attention and concentration for extended periods, ability to complete a normal work day, and work week without interruptions from psychologically-based symptoms and to perform at a consistent pace without unreasonable number and length of rest periods, and the ability to interact appropriately with the general public and the ability to travel in unfamiliar places or use public transportation.[12]

(Tr. 58.)

The vocational expert responded that the individual would not be able to perform past work, or any work in the national or regional economy. If the ALJ

---

[11] This hypothetical is consistent with the assessment completed by Dr. Rodenberger and ARNP Mack. *See* Footnote 5.

[12] This hypothetical is consistent with the assessment completed by Nina Repishana. *See* Footnote 6.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 16

had properly considered the opinions of Plaintiff's "other sources," he would have incorporated the above-described limitations into the residual functional capacity. Based on the vocational expert's testimony, it is clear from the record that if the ALJ would have properly credited the treating and other source opinions, he would be required to find the claimant disabled.

## IX. Conclusion

Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. *See Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir. 2000). Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits. *Benecke*, 379 F.3d at 587. As the *Benecke* court instructed: the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.*

Here, the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Plaintiff's "other sources," not identifying the weight given to Dr. Keane, and not properly considering Dr. Keane's opinion, and relying on Dr. Warren's opinion, which did not account for the 2009 records and was not consistent with the longitudinal record. If these opinions were properly credited and considered, the ALJ would be required to find Plaintiff disabled. *See Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007) (finding ALJ erred in not crediting opinions of claimant's treating physicians and after crediting such opinions, concluding the claimant was disabled).

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 17

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 19, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 21, is **DENIED**.

3. The decision of the ALJ denying benefits is **reversed** and the case is **remanded** to the ALJ for an immediate award of benefits.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 18th day of October, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\2011\Valdez (SS)\sj.wpd

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18**